UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JARED M. STAAKE, | ) | |
|    Plaintiff, | ) | |
| | ) | |
|    vs. | ) | Case No. 23-cv-3166 |
| | ) | |
| SANGAMON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, *et al.*, | ) | |
|    Defendants. | ) | |

**MERIT REVIEW ORDER**

This cause is before the Court for a merit review of Plaintiff's complaint. (Doc. 1).

The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's complaint, and through

such process to identify and dismiss any legally insufficient claim, or the entire action if

warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state

a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." § 1915A.

**ALLEGATIONS**

Plaintiff, who is currently detained at the Sangamon County Jail ("Jail"), files suit

against the Sangamon County Sheriff's Department, Jail Administrators John Doe #1 and

John Doe #2, and Officer Banks.

Plaintiff alleges he has a lengthy and well-documented history of mental illness

and psychiatric treatment. Plaintiff says he lost both parents at a young age, was deemed

emotionally disturbed, and diagnosed with cognitive and behavioral disabilities. Plaintiff

also states he was diagnosed with ADHD, severe depression, and an anxiety disorder,

prescribed a plethora of psychotropic medications to treat his conditions, and deemed seriously mentally ill ("SMI").

On or about March 22, 2023, Plaintiff was charged with various state crimes and detained at the Jail, where he allegedly experienced severe anxiety, depression, and suicidal thoughts. Plaintiff notified Officers Votava and March, who are not named as parties, about his mental condition multiple times and requested mental health services. Plaintiff does not specify when he spoke with the officers.

Plaintiff was placed in a two-man cell with approximately 10-12 other arrestees. Plaintiff states that his palms and feet sweated, his heart pounded, and he experienced chest pains. He also became light-headed, lost his appetite, could not form rational thoughts or complete sentences, and contemplated taking his own life. He alleges that he again explained his condition to Officer Votava, to no avail. Plaintiff does not indicate when this conversation occurred.

Every day from March 22, 2023, until April 1, 2023, Plaintiff asked each staff member he saw for mental health treatment, but no care was provided. Plaintiff does not specify who he talked to.

Plaintiff received news that his best friend passed away on April 1, 2023. Plaintiff says the news of his friend's death severely affected his mental state, and he "actively sought mechanisms to hurt himself," but his cellmate encouraged him not to.

On or about April 2, 2023, Plaintiff filed a grievance (#110317239) regarding the lack of mental health services at the Jail. On April 3, 2023, Plaintiff received a response, which stated mental health "is not here everyday." (Doc. 1 at 7). The same day, Plaintiff

told Officer D. Metz, who is not named as a party, about his condition and requested mental health treatment. Plaintiff does not indicate whether Officer Metz obtained treatment for him.

On April 5, 2023, Plaintiff briefly spoke to Amber, a mental health professional ("MHP"), who is not named as a party. Amber advised Plaintiff that mental health services are not available every day due to understaffing.

On April 8, 2023, Plaintiff filed another grievance (#11035083) regarding the lack of mental health services at the Jail. Plaintiff also spoke with Paige, a MHP who is not named as a party, about his mental health issues. Paige allegedly confirmed Amber's statements about understaffing and informed Plaintiff that she and Amber cannot adequately satisfy inmates' mental health needs due to understaffing and a lack of resources.

On May 1, 2023, Plaintiff "asked [Defendant] Officer Banks multiple times to speak to a MHP regarding his MH issues and suicidal thoughts." (Doc. 1 at 9). Plaintiff alleges that Officer Banks "repeatedly stated that he is 'not doing it.'" *Id.* On May 2, 2023, Plaintiff "again asked Officer Banks, Banks repeatedly stated, 'not doing it.'" *Id.*

Plaintiff alleges he continues to suffer from untreated and unmanaged mental health ailments. Plaintiff alleges he suffers from insomnia and sleeps only 2-3 hours each night; he has suicidal thoughts and engages in self-mutilation; he has difficulty concentrating, forming complete sentences, and speaking clearly; and he also experiences chest pains, rapid heartbeat, heavy breathing and hyperventilation, and loss of appetite.

Plaintiff alleges that Defendant Sangamon County Sheriff's Department violated the Eighth and Fourteenth Amendments by failing to provide the requisite mental health care to its inmate population that meets minimal constitutional standards and violated the Americans with Disabilities Act by failing to reasonably accommodate its mentally ill inmates.

## ANALYSIS

### Defendant Officer Banks

Plaintiff alleges he asked Defendant Officer Banks "to speak to a MHP regarding his MH issues and suicidal thoughts" on May 1 and 2, 2023. *Id.* at 9. Defendant Banks allegedly responded, "not doing it." *Id.*

As a pre-trial detainee, Plaintiff's claim for constitutionally inadequate mental health care arises under the Due Process Clause of the Fourteenth Amendment. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Plaintiff must have enough evidence for the jury to find that a defendant acted "purposefully, knowingly, or recklessly" and that the medical treatment was "objectively unreasonable." *Turner v. Paul*, 953 F.3d 1011, 1015 (7th Cir. 2020); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The objectively unreasonable standard requires the Court to consider "'the totality of facts and circumstances faced by the individual alleged to have provided medical care and to gauge objectively - without regard to any subjective belief held by the individual - whether the response was reasonable.'" *Turner*, 953 F.3d at 1015 (quoting *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018)).

Plaintiff's threadbare allegations against Defendant Officer Banks are insufficient to state a colorable deliberate indifference claim. It is unclear if Plaintiff was requesting immediate mental health treatment and Defendant refused to provide any assistance, or alternatively, if Plaintiff was asking Defendant Banks to simply inform mental health staff about his needs and suicidal thoughts. Defendant Banks is DISMISSED, without prejudice, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**Defendant Sangamon County Sheriff's Department**

Plaintiff alleges that Defendant Sangamon County Sheriff's Department violated the Eighth and Fourteenth Amendments by failing to provide constitutionally adequate mental health care to its inmate population.

To allege a constitutional violation, Plaintiff must establish that the deliberate indifference to which he was subjected came about as a result of a custom or policy established by the Sheriff's Department. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). "Three forms of unconstitutional policies or customs are recognized in this context: '(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.'" *Klebanowski*, 540 F.3d at 237 (quoting *Palmer v. Marion Cnty.*, 327 F.3d 588, 595 (7th Cir. 2003)). Plaintiff's vague allegations do not establish a *Monell* claim against the Sheriff's Department.

5

Plaintiff also alleges that the Sheriff's Department violated the Americans with Disabilities Act ("ADA") by failing to reasonably accommodate its disabled (mentally ill) inmates. "Congress enacted the ADA 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.' The Act 'forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute; (2) public services, programs and activities, which are the subjects of Title II; and (3) public and private lodging, which is covered by Title III.' It is now well-settled that prisons and correctional facilities are covered by Title II." *Phipps v. Sheriff of Cook Cnty.*, 681 F. Supp. 2d 899, 913 (N.D. Ill. 2009) (internal citations omitted).

To allege a violation of Title II, Plaintiff must sufficiently plead: "[1] that he is a 'qualified individual with a disability,' [2] that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and [3] that the denial or discrimination was 'by reason of' his disability." *Id*. at 913–14 (citing *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12131)). Plaintiff's sparse allegations do not establish a claim against the Sheriff's Department for an alleged violation of the ADA.

Defendant Sangamon County Sheriff's Department is DISMISSED, without prejudice, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**Defendants Jail Administrators John Doe #1 and John Doe #2**

Finally, Plaintiff named Jail Administrators John Doe #1 and John Doe #2 as Defendants, but he did not include any allegations pertaining to these Defendants in his Complaint.

An individual is liable under § 1983, however, only if he or she personally participated in the alleged deprivation. *Palmer*, 327 F.3d at 594. Defendants cannot be held liable merely because of their supervisory position as Jail Administrators, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Defendants John Doe #1 and John Doe #2 are DISMISSED, without prejudice, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED:**

**1)  Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have the opportunity to file an amended complaint within 21 days from the entry of this Order. Plaintiff's amended complaint will replace his complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

ENTERED:  6/14/2023

s/ James E. Shadid
James E. Shadid
U.S. District Court Judge