# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

Jared M. Staake,

Plaintiff

(1) USA Medical + Psychological
Staffing ("USAMPS")
(2) Sean Banks (3) Zachary
Whitley (4) Jessie March,
(5) Alex Verdin (6) Ryan Kuntz
(7) Timothy Howie (8) Matt
Selburg (9) Dennis Metz,
(10) Zachary Redpath (11) Nicholas
ortega and ~~Matt~~ (12)
Larry King

Defendant(s)

Case No. _____

2023-CV-3166

*(The case number will be assigned by the clerk)*

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## Second Amended COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

[X] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ] Other federal law: _____

[ ] Unknown _____

*****Please refer to the instructions when filling out this complaint.** Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Jared M. Staake

Prison Identification Number: #B-87793

Current address: ATTN: Privileged Mail - Il. River Corr Ctr. 1300 W. Locust St., Canton, Illinois 61520

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: USA Medical & Psychological Staffing ("USAMPS")

Current Job Title: MEntal Health provider

Current Work Address Sangamon Co. Jail #1 Sheriff's Plaza, Springfield #L 62701

Defendant #2:

Full Name: Sean Banks

Current Job Title: Jailor - Correctional Officer

Current Work Address Sangamon Co. Jail #1 Sheriff's Plaza, Springfield FL 62701

Defendant #3:

Full Name: Zachary Whitley

2

Current Job Title: _Jailor- Correctional Sergeant_

Current Work Address _Sangamon Co. Jail, #1 Sheriff's Plaza, Springfield Illinois 62701_

Defendant #4:

Full Name: _Jessie March_

Current Job Title: _Jailor- Corr. Officer_

Current Work Address _Sangamon Co. Jail #1 Sheriff's Plaza, Springfield IL 62701_

Defendant #5:

Full Name: _Alek Votava_

Current Job Title: _Jailor- Corr. Officer_

Current Work Address _Sangamon Co. Jail, #1 Sheriff's Plaza, Springfield IL 62701_

*For additional defendants, provide the information in the same format as above on a separate page.*

_Additional Defendants Provided on seperate page(s)._

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal <u>in forma pauperis</u> in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?        Yes ☐        No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒        No ☐

3

Defendant #6:
C/o Ryan Kuntz
Jailor- Corr. Officer
Sangamon Co. Jail
#1 Sheriff's Plaza
Springfield, IL 62701

Defendant #7:
C/o Timothy Howie
Jailor—Corr. Officer
Sangamon Co. Jail
#1 Sheriff's Plaza
Springfield, IL 62701

Defendant #8:
C/o Matt Seiburg
Jailor- Corr. Officer
Sangamon Co. Jail
#1 Sheriff's Plaza
Springfield, IL 62701

Defendant #9:
C/o Dennis Metz
Jailor- Corr. Officer
Sangamon Co. Jail
#1 Sheriff's Plaza
Springfield, IL 62701

pg. 4

Defendant # 10:
   C/O Zachary Redpath
   Jailor- Corr. Officer
   Sangamon Co. Jail
   #1 Sheriff's Plaza
   Springfield, IL 62701

Defendant # 11:
   C/O Nicholas Ortega
   Jailor- Corr. Officer
   Sangamon Co. Jail
   #1 Sheriff's Plaza
   Springfield IL 62701

Defendant # 12:
   C/O Larry King
   Jailor- Corr. Officer
   Sangamon Co. Jail
   #1 Sheriff's Plaza
   Springfield IL 62701

Pg. 5

C. If your answer to B is yes, how many? *2* Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number *(1) Staake v. Williams, C.D. Ill. #14 CV- ??? and (2) Staake v. Dawdy C.D. Ill. #18-CV- ???*

2. Basic claim made *(1) living Conditions and Dental care (2) mail handling-denial of Court Recess.*

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) *(1) settlement and (2) voluntary dismissal*

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☒ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ☒ No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed? Yes ☒ No ☐

pg. 6
R

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _Sangamon Co. Jail_

Date(s) of the occurrence _March 2023 to May 2023_

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

Count I

The Defendants Deliberately and Indifferently Failed to Provide Adequate Emergent Mental Healthcare In Response to Plaintiff's Voiced Suicidal Thoughts

pg. 7

1. Plaintiff, Jared M. Staake, has a lengthy and well documented history of Mental Health ("MH") care and psychiatric treatment before March 2023.

2. Staake is diagnosed with ADHD, Severe depression, anxiety ▓▓ and with a history of suicide attempts.

3. Staake has been a continual patient of MH therapy and Psychiatric treatment in society before March 22, 2023

4. Staake has also been subscribed a plethora of psychiatropic medications with therapy recomendations to treat and manage his disorders before March 22, 2023.

5. Staake has been clinically deemed to have a "Serious Mental Illness" ("SMI").

6. On March 22, 2023, Staake was jailed in the Sangamon County Detention Facility ("jail").

7. Jail inmates are expected to lodge formal request and grievances through a 1990's style playphone; whereas legal research and information is contained on a touchscreen kiosk terminal. Of importance: inmates are not taught or instructed on how to navigate the labyrinth of the electronic systems forewhich they are required to use.

8. From March 22, 2023, through March 25, 2023, Staake went through the booking and processing of the jail.

Events of March 22, 2023 While in the First-Floor Booking Process

9. On March 22, 2023, Staake was placed in a two-man cell with three other arrestees.

10. That two-man cell contained and smelled of urin, defication and body odor.

11. More arrestees were subsequently placed in that two-man cell; at one point totaling 10-12 other arrestees.

12. Staake advised C/o Votava that he is having severe depression, anxiety and thoughts of self-harming.

13. Staake then asked C/o Votava for MH treatment or to see a Mental Health Professional ("MHP").

14. C/o Votava told Staake that he did not believe MH or an MHP was available but would double check.

15. Later C/o Votava told Staake there was nothing that could be done because MH treatment nor a MHP was available and it takes two weeks to see a MHP after someone puts in for MH treatment.

16. C/o Votava explained that the jail has one MHP and another part-time that are over swamped and understaffed.

17. C/o Votava further contended that the jail simply does not have enough MH services to timely tend to everyones MH needs.

18. C/o Votava stated that it was taking over two weeks to receive MH treatment after inmates put in.

Events Between March 22, 2023, and March 25, 2023 While in the First-Floor Booking Process

19. Staake reported to C/o March that he is a MH patient and is currently suffering severe depression, anxiety and suicidal thoughts.

20. Staake asked C/o March if he could get MH treatment or speak to a MHP immediately. C/o march left stating he would try.

21. Later C/o March informed Staake that it is going to take two weeks or more for him to get MH treatment or seen an MHP.

22. C/o March explained that there are only two MHP's for the entire jail, and one

is only part-time.

23. C/o March further stated the the jail's MH is understaffed and overwhelmed and it does not help the MHP's are not here everyday. C/o March described the jail's MH services as a "big problem" since he has worked at the jail.

24. Staake did not receive any MH treatment or see an MHP despite his request.

Events Between March 26, 2023 and April 1, 2023, While in the Second-Floor Ward Release A Unit

25. Staake reported to C/o Kuntz that he was currently having severe depression anxiety and suicidal intentions.

26. Staake asked C/o Kuntz if he could please get MH treatment or speak to a MHP immediately.

27. C/o Kuntz stated that he would try but MH at this jail is "a joke" because they are "never available."

28. C/o Kuntz stated that there is only one and a half MHP's and it takes three weeks to see a MHP after putting in.

29. C/o Kuntz stated that MH is understaffed, are constantly behind on their case-

load and has been a big issue for the jail.

30. Staake did not receive any MH treatment or see a MHP despite his request.

31. Staake reported to C/O Howie that he was currently having severe depression, anxiety and thoughts of self-harm.

32. Staake asked C/O Howie if he could please get MH treatment or speak to a MHP immediately.

33. C/O Howie stated the jail's MH case loads are huge because the jail serves as a default "nut-house."

34. C/O Howie explained that the jail's MH are understaffed and have a two to three week backlog.

35. C/O Howie stated that the jail is no place to be to receive appropriate MH treatment because the jail does not have the staffing to keep up.

36. C/O Howie told Staake he will just have to put in over the phone and "hope" they get to you soon.

37. Staake did not receive any MH treatment or see a MHP despite his request.

38. Staake asked C/O Salsburge if he could please get MH treatment or speak to a MHP immediately.

39. Staake explained to C/O Salsburge

that he is currently having severe depression
anxiety and thoughts of suicide.

40. C/O salsburge left stating he would
see if any help was available.

41. C/O salsburge later returned explaining
that staake would have to put in for MH
over the phone and it would take about
two weeks to be seen.

42. C/O salsburge said there are only two
MHP's for the entire population of the jail,
and one is part-time.

43. C/O salsburge stated that the
MH is a big problem to provide and staake
is not the only one having this issue of
not being seen at the jail.

44. Staake reported to C/O Metz that
he was currently having severe depression,
anxiety and suicidal thoughts.

45. Staake asked C/O Metz if he
could please get him MH treatment or
speak to a MHP.

46. C/O Metz left stating he would
try to get someone to help staake.

47. C/O Metz later returned explaining
that MH services at the jail is overworked
and understaffed.

48. C/O Metz told staake that he needs
to put in over the phone and it is

Pg. 13 sf 26

taking two weeks or more to be seen.

49. Staake did not receive any MH treatment or see a MHP despite his request.

50. Staake reported to C/o Votava that he is currently having severe depression anxiety and suicidal thoughts.

51. Staake asked C/o Votava if he could please get him MH treatment or get him a MHP to speak to.

52. C/o Votava stated that he had already explained to Staake that Mental Health is so understaffed and backlogged that they are essentially nonexistent in this jail, but he would see if anything could be done when he went back "up front."

53. Staake did not receive any MH treatment or see a MHP despite his request.

54. Between March 26, 2023 and April 1, 2023, Staake repeatedly put in for MH treatment or to speak with a MHP over the jails phone system before and after being directed to do so.

Events Between April 1, 2023, and April 5th, 2023, while Housed on Work Release Unit A.

55. On April 1, 2023 Staake was advised that he lost his best friend, Seth Jeffery at age

Pg. 14 of 24

33.

56. News of his best friends death severely affected Staake's mental state.

57. Staake destroyed a shaving razor, retrieved the straight blade and planned to cut his wrist.

58. A cellmate of Staake's, Jordan, intervened and took the blade from Staake and encouraged Staake against plans to harm himself.

59. On April 3, 2023, Staake told C/O D. Metz that he was currently having severe depression, anxiety and suicidal thoughts.

60. Staake asked C/O Metz if he could get him MH treatment or speak to a MHP.

61. C/O Metz told Staake that MH treatment is very delayed and hard to get in the jail.

62. C/O Metz told Staake the MHP's at the jail are extremely busy, overbooked and understaffed.

63. Before leaving C/O Metz explained that he would check to see if he could get some help for Staake.

64. Staake did not receive any MH treatment or see a MHP despite his request.

65. Between April 1, 2023 and April 5, 2023, Staake reported to C/O Redpath that he was

Currently having severe depression, anxiety and suicidal thought.

65. Staake asked C/o Redpath if he could get him MH treatment or provide him a MHP to speak with.

67. C/o Redpath explained that the MH services of the Jail is extremely behind with a large case load as there is only two.

68. Staake explained to C/o Redpath that he had repeatedly put in for MH treatment over the phone to no avail.

69. C/o Redpath advised Staake to put in for MH over the phone and wait two weeks.

70. Staake did not receive MH treatment or see an MHP despite his requests.

pg. 16

71. On April 5, 2023 Staake reported his MH symptoms/issues to USA Medical and Psychological Staffing ("USAMPS").

72. USAMPS advised Staake that he is on their list to receive MH services but such services may take over two weeks to actually be seen.

73. Staake advised USAMPS that he has severe depression, anxiety and frequent thoughts of suicide.

74. Staake further informed USAMPS that he has repeatedly requested emergent MH treatment or MHP consultation, both over the phone and verbally, and he is not getting any MH treatment at all.

75. The USAMPS' lack of MH services and delays were due to monetary or budgetary concerns of the Jail and County Board.

76. At that time, USAMPS only had one full-time MHP and one part-time to serve the entire MH needs of the Jail.

77. USAMPS' MH services were not always available, that unavailability included some weekdays.

pg. 17

78. Those two MHP's provided by USAMPS could not possibly tend to the Jail's MH needs in a timely manner.

79. USAMPS' lack of appropriate MH Staffing had been a big issue in the Jail that USAMP had repeatedly raised with Jail administration and County Board for monetary reasons.

80. On April 11 2023, Staake informed USAMps of his MH symptoms and issues.

81. Staake advised USAMPS inter alia, that he has been having severe depression, anxiety and thoughts of hurting himself.

82. Staake informed USAMps that he has repeatedly requested emergent MH treatment or MHP consultation both over the phone and verbally and this was his first time getting access to an MHP.

83. USAMPS affirmed there were only two MHP's for the entire Jail.

84. USAMPS confirmed that the Jail's MH services are not always available, including on weekdays.

pg. 18

85. USAmps did not adequately satisfy the jail's MH needs or case load.

86. USAMPS did not adequately satisfy the jail's MH needs and case-load for monetary reasons.

87. USAMPS has staffed less populated jails with only one or two MHP's.

88. Jail Administration and the County Board had been continuously encouraged to fund the USAMPS to prevent MH staffing deficiencies to no avail.


Events of April 26, 2023, While In the Library of the Second-floor

89. On April 26 2023 Staake told C/o Ortega that he was currently having severe depression, anxiety and suicidal thoughts.

90. Staake asked C/o Ortega if he could get him MH treatment or speak to an MHP.

91. C/o Ortega told Staake he would try to get him someone to see him, but Staake needed to be aware that the likelihood of him seeing a MHP was very slim to none.

pg. 19

92. C/o Ortega explained that the jail's MHP's are so overwhelmed and backlogged because they do not have enough staff.

93. C/o Ortega stated that MH services has been a big problem the entire time that he has worked at the jail.

94. Staake did not receive any MH treatment or see a MHP despite his request.

Events of May 1, 2023 In the Gredhar.

95. On May 1, 2023, Staake was taken to Court by C/o King.

96. Staake reported to C/o King that he was currently having severe depression, anxiety and thoughts of suicide.

97. Staake asked C/o King if he could get him MH treatment or speak to a MHP.

98. C/o King told Staake to put in over the phone and MH will get to you when they get to you because the two MHP's do not have the man power to provide MH services to the entire jail's population in need of MH.

99. C/o King stated that inmates and staff complain about the lack of or long delays of MH services of the jail all the time and the Administration "don't care."

Pg. 20 of 26

100. Stuake did not receive any MH treatment or see a MHP despite his request.

Events of May 1, 2023 and May 2, 2023, On Housing Unit D

101. On May 1, 2023, Stauke asked officer Banks if he could get some MH treatment or speak to a MHP.

102. Staake reported to C/O Banks that he was currently having severe depression, anxiety and thoughts of suicide.

103. C/O Banks told Stauke that he is going to have to tough it out because he was not going to contact anyone about it.

104. On another periodic check of C/O Banks, Stauke again requested MH treatment or a MHP.

105. C/O Banks responded "not doing it."

106. C/O Banks repeatedly refused to render aide or summens any appropriate aide.

107. On May 2, 2023, Stauke again asked C/O Banks if he could get MH treatment or speak to a MHP.

108. C/O Banks told Stauke, "I'm not doing it," and that Stauke needed to manup.

Pg. 21 of 26

109. On May 2, 2023, Staake told Srg. Whitley that he was experiencing severe depression, anxiety and suicidal thoughts.

110. Staake then asked Srg. Whitley if he could please get MH treatment or see a MHP immediately.

111. Srg. Whitley told Staake that he must put in for MH over the phone and wait two weeks or more to be seen.

112. Srg. Whitley further stated that there was no MH staff available within the jail to see Staake.

113. Staake told Srg. Whitley that he has repeatedly put in over the phone and nothing gets done.

114. Srg. Whitley said the MH services at the jail are not good, and there is nothing he could do for Staake.

115. Srg. Whitley did not render aide or summons any appropriate aide.

Events of May 3, 2023, on D-Wing, in the Caredoor and Conference Visiting Room of the March End of the Third Floor

116. On May 3, 2023, while on D-wing, Staake reported to c/o woodward that he was currently having severe depression, anxiety

and thoughts of self-harming.

117. Staake asked C/o Woodword if he could get MH treatment or an MHP immediately.

118. C/o Woodworth left contending he would attempt to get Staake some help.

119. C/o woodword returned stating MH was unavailable.

120. Staake began to sob and bang his head on the Corrider glass.

121. C/o Woodword radioed for assistance.

122. Staake was then seen by USAmps.

123. Staake again reported to USAMPS that he has repeatedly requested MH treatment with little to no response.

124. Under USAMPS everyone with MH needs at the Jail were experiencing MH denials and delays.

125. USAMPS did not provide sufficient MH Staffing because the County Board and Administration refused to fund the Staffing for appropriate MH services.

pg. 23

126. USAMPS had repeatedly raised the concerns of short MH staffing with Jail administrators.

Causal Effect of Defendants' Deliberate Indifference To Staake's MH Needs

127. Staake continues to suffer from untreated and unmanaged MH ailments.

128. Staake continued to request and not receive MH services.

129. The Defendants' acts and omissions have exhibited a deliberate indifference to Staake's serious MH needs.

130. Defendants' acts and omissions have caused Staake to regularly and unnecessarily suffer from sadness, inactivity, difficulty in thinking and concentration, feelings of dejection, chest pains, rapid heart beat, heavy breathing and hyperventilation, loss of apatite, apathy, insomnia, daily thoughts of suicide, active self-mutilization, thoughts of alienation, hopelessness, doubts of reality, irritability and hostility.

pg. 24

RELIEF REQUESTED

(State what relief you want from the court.)

(a) declaratory Relief

(b) Compensatory Damages

(c) Punitive Damages

(d) Nominal Damages

JURY DEMAND        Yes ☒        No ☐

Signed this _13th_ day of _March_ , 20 _25_ .

Jared M. Staake
(Signature of Plaintiff)

| Name of Plaintiff: Jared M. Staake | Inmate Identification Number: #B87793 |
|---|---|
| Address: Legal Mail – Ill. River Corr- Ctr., 1300 W. Locust Canton, IL 61520 | Telephone Number: N/A |

8